UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMANDA GRUNDY, ) | |
| RICHARD GRUNDY, ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | No. 1:19-cv-04117-JRS-TAB |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Amanda Grundy on behalf of Petitioner Richard Grundy, an inmate at the Clark County Jail, in Jeffersonville, Indiana, brings this habeas action pursuant to 28 U.S.C. § 2241. A federal court may issue a writ of habeas corpus only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose vs. Hodges,* 423 U.S. 19, 21 (1975). Accordingly, habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver,* 288 F.3d 532, 540 (3d Cir. 2002). This means, in part, that a challenge to the conditions of confinement may not be brought pursuant to 28 U.S.C. § 2241. *Falcon v. U.S. Bureau of Prisons,* 52 F.3d 137, 138-39 (7th Cir. 1995).

A petition for writ of habeas corpus must be dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions

pursuant to Rule 1(b)).

In this case, Mr. Grundy alleges that he seeks relief because he was "held in the hole without phone privileges, medical health, not receiving mail, giving food that isn't correct, isn't giving a reason why he's in holding." Dkt. 1 at p. 3. No specific request for relief is set forth in the petition. *Id.* at p. 8. In other words, Mr. Grundy challenges the conditions of his confinement. A habeas petition is not the appropriate avenue to challenge prison conditions. *Robinson v. Sherrod,* 631 F.3d 839, 841 (7th Cir. Cir. 2011) (recognizing the court's "long-standing view that habeas corpus is not a permissible route for challenging prison conditions."). In cases where a prisoner "is not challenging the fact of his confinement, but instead the conditions under which he is being held, [the Seventh Circuit] has held that [he] must use a § 1983 or *Bivens* theory." *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005). The Court cannot "convert" the action to a civil rights or other action. *Robinson,* 631 F.3d at 841.

Mr. Grundy's habeas petition is **summarily dismissed** because he is not challenging the "the fact or duration of confinement." *Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012).

The **clerk is directed** to include a copy of a prisoner complaint form and prisoner request to proceed in district court without prepaying the full filing fee form along with Mr. Grundy's copy of this Entry. Mr. Grundy may find these forms useful if he chooses to pursue his claims in a civil rights action. If a complaint is filed, it will result in the opening of a new civil action.

In addition, Amanda Grundy does not allege that she is an attorney and as a result she is not permitted to file papers on behalf of anyone else. *See Georgakis v. Illinois State University*, 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself."); *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) ("[I]t is clear

than an individual may appear in the federal courts only pro se or through counsel."); 28 U.S.C. § 1654. Future filings of this nature shall be summarily stricken.

Judgment dismissing this action without prejudice shall now issue.

**IT IS SO ORDERED.**

Date: 10/9/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RICHARD GRUNDY
CLARK COUNTY JAIL
CLARK COUNTY JAIL
Inmate Mail/Parcels
501 East Court Avenue
Jeffersonville, IN 47130

Amanda Grundy
[Copy available upon request from Clerk's Office. No address in record.]